UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONAH MOORE,

    Plaintiff,                                      CASE NO. 11-cv-11779

v.                                               JUDGE PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

PATRICIA CARUSO, et.al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR
LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES, DISMISSING THE
CIVIL RIGHTS COMPLAINT, AND DENYING AMENDED COMPLAINT AS MOOT**

**I.    INTRODUCTION**

This is a prisoner's civil rights action filed under 42 U.S.C. § 1983. Plaintiff Jonah Moore, a state prisoner currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed the pending Civil Rights Complaint on April 22, 2011. He names Patricia Caruso, Former Director of the Michigan Department of Corrections (MDOC), Richard McKeon, Governor Richard Snyder, Kevin Jon Lawson, a physician at the War Memorial Hospital in Sault Sainte Marie, Michigan, and John E. Raftery, a physician at the Munson Medical Center in Traverse City, Michigan, as Defendants. On April 27, 2011, he filed an Amended Complaint, naming only Caruso, Governor Snyder, and McKeon as Defendants. Plaintiff also is requesting to proceed without prepayment of fees (to proceed *in forma pauperis*). See 28 U.S.C. § 1915(a)(1).

In both Complaints, Plaintiff alleges that he has been tortured and assaulted for the last twenty-one years by the MDOC's employees. He claims that guards put a video phone in his brain to torture and assault him. He is seeking damages for his alleged suffering.

Having reviewed the matter, the Court concludes that Plaintiff is not eligible to proceed *in*

*forma pauperis* and dismisses the Complaint under 28 U.S.C. § 1915(g).

## II.     DISCUSSION

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  In *Hampton*, the Sixth Circuit found the PLRA's fee requirements constitutional.  *Id.* at 1288.

The PLRA further reinforces its "stop and think" aspect by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal; although the statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury" to proceed *in forma pauperis*.  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the

right of access to the courts, and due process, and that it constitutes a bill of attainder and is ex post facto legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

In short, the "three strikes" provision allows the Court to dismiss a prisoner's civil rights case where the prisoner seeks to proceed *in forma pauperis* if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g); *Rawls v. First Name Unknown (FNU) Kelly*, No. 09-CV-12388, 2009 WL 2058583 (E.D. Mich. July 13, 2009); *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court.  The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  *See Moore v. Caruso*, No. 10-cv-13634, 2010 WL 4062511 (E.D. Mich. Oct. 14, 2010); *Moore v. MDOC*, No. 10-cv-213, 2010 WL 4007609 (W.D. Mich. Oct. 12, 2010); *Moore v. MDOC*, No. 10-cv-810, 2010 WL 3505454 (W.D. Mich. Sept. 7, 2010); *Moore v. MDOC*, No. 10-cv-10682, 2010 WL 1541473 (E.D. Mich. Apr. 19, 2010); *Moore v. MDOC*, No. 10-cv-10680, 2010 WL 746237 (E.D. Mich. Mar. 2, 2010).  Additionally, Plaintiff previously has been denied leave to proceed *in forma pauperis*.  *See Moore v. Caruso*, No. 11-cv-10268, 2011 WL 839182 (E.D. Mich. Mar. 7, 2011); *Moore v. Caruso*, No. 11-cv-10525, 2011 WL 738358 (E.D. Mich. Feb. 24, 2011); *Moore v. MDOC*, No. 10-cv-288 (W.D. Mich. Dec. 7, 2010).  In fact, in his Complaint, Plaintiff himself names thirteen previous lawsuits.  Consequently, the Court concludes that he is a "three striker" who cannot proceed *in forma pauperis* for this civil action unless he can

3

demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within that statutory exception to the three-strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F.App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

The Court finds that the allegations stated in Plaintiff's Complaint do not pose an imminent danger of serious physical injury. Plaintiff's Complaint is in fact incoherent. The Court concludes that he has thus failed to show that he falls within the exception to the three-strikes rule, and his Complaint is subject to dismissal under § 1915(g).

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's "Application to Proceed Without Prepayment of Fees" [dkt. # 2] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Complaint" [dkt. # 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's "Amended Complaint" [dkt. # 4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that any appeal taken by Plaintiff would not be done in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

**SO ORDERED**.

                                    s/Paul D. Borman  
                                    PAUL D. BORMAN  
                                    UNITED STATES DISTRICT JUDGE

Dated:  May 10, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 10, 2011.

                                    s/Denise Goodine  
                                    Case Manager